J. S69029/14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| IRA A. JOHNSON, | : | No. 41 EDA 2014 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, December 20, 2013,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0410491-2000

BEFORE:  GANTMAN, P.J., FORD ELLIOTT, P.J.E., AND STABILE, J.

MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED DECEMBER 12, 2014**

Appellant, Ira A. Johnson, appeals from the December 20, 2013 order dismissing his third petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Finding that the PCRA petition under review was untimely filed and that no valid exception to the time requirements of the PCRA exists, we affirm.[1]

On July 12, 2001, following a bench trial, appellant was convicted of first degree murder, robbery, and possession of an instrument of crime ("PIC") in relation to the shooting of Stephon Copper.  Appellant killed

---

[1] We affirm, albeit based on an analysis different from that articulated by the PCRA court.  **See Commonwealth v. Harper**, 611 A.2d 1211, 1213 n.1 (Pa.Super. 1992) (this court "may affirm the decision of the trial court if there is any basis on the record to support the trial court's action.  This is so even if we rely upon a different basis in our decision to affirm[]") (citations omitted).

Copper at Copper's apartment in Philadelphia on February 18, 2000. Appellant was sentenced to an aggregate term of life imprisonment. On August 19, 2003, a panel of this court affirmed judgment of sentence, and our supreme court denied appeal on March 2, 2004. *Commonwealth v. Johnson*, 833 A.2d 1146 (Pa.Super. 2003) (unpublished memorandum), *appeal denied*, 845 A.2d 817 (Pa. 2004).

Appellant filed a timely *pro se* PCRA petition on June 15, 2004. (Docket #15.) Counsel was appointed and filed an amended petition maintaining that trial counsel was ineffective for interfering with appellant's right to testify on his own behalf. Following hearings, the petition was denied and appellant filed a notice of appeal. On March 12, 2007, this court affirmed the dismissal, and appellant's petition for allowance of appeal to the Pennsylvania Supreme Court was denied August 15, 2007. *Commonwealth v. Johnson*, 927 A.2d 652 (Pa.Super. 2007) (unpublished memorandum), *appeal denied*, 929 A.2d 1161 (Pa. 2007).

On October 2, 2007, appellant filed a second *pro se* PCRA petition. Therein, he presented a claim that his prior counsel was ineffective for failing to conduct an investigation of his claim that he was far from the crime scene when the murder occurred. He also averred that he had new evidence that the investigator used by trial counsel was convicted of fraud and other criminal acts and that the investigation of his case was inadequate. Counsel

was appointed and subsequently filed a *Turner*/*Finley* letter,[2] indicating that the issues were untimely and that there were no additional issues which could be raised. Appellant's second PCRA petition was denied on February 5, 2009. On February 16, 2010, this court affirmed the PCRA court's denial of relief, finding that the petition was untimely and no exceptions applied. *Commonwealth v. Johnson*, 996 A.2d 546 (Pa.Super. 2010), *appeal denied*, 9 A.3d 627 (Pa. 2010).

On August 24, 2010, while appellant was petitioning for allowance of appeal before our supreme court, appellant purportedly became aware of new facts that would affect his conviction. A fellow inmate, Terrence Johnson,[3] signed an affidavit on September 28, 2010, in which he claimed to have been present outside 916 North 17th Street on the evening Copper was murdered. Johnson averred that he saw appellant leave the residence. According to Johnson, who was 12 years old at the time of the murder, he then heard the victim call out to appellant from a third-floor window, asking him to come back. Johnson, however, admitted in the affidavit that he did not know if appellant had returned. Johnson did not know appellant had been charged with the crime.

---

[2] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

[3] Appellant and Terrence Johnson are not related.

On October 15, 2010, within 60 days of the date appellant claimed to have learned of Johnson's information, appellant filed a **_pro se_** PCRA petition. The PCRA court, however, rejected the petition as prematurely filed as appellant's application for allocatur from the denial of his second PCRA petition was still pending.

The Supreme Court of Pennsylvania denied appellant's petition for allowance of appeal on November 1, 2010. (Docket #41.) On November 10, 2010,[4] appellant re-filed his third **_pro se_** PCRA petition. (Docket #42.) Pursuant to Pa.R.Crim.P. 907, on April 27, 2011, the PCRA court gave notice of its intention to dismiss appellant's PCRA petition without a hearing, indicating the petition was untimely filed more than 60 days after Johnson purportedly came forward. (Docket #43.) A panel of this court vacated the dismissal and remanded the matter for consideration on the merits relying on **_Commonwealth v. Lark_**, 746 A.2d 585, 588 (Pa. 2000) (where an appellant's PCRA appeal is pending before a court, a subsequent petition cannot be filed until the resolution of the pending PCRA petition; the subsequent petition must be filed within 60 days of the date of the order which finally resolves the previous petition rather than the date the new

---

[4] The docket reflects that appellant filed a **_pro se_** PCRA petition on November 15, 2010. However, it was time stamped November 10, 2010; and under the prisoner mailbox rule, a petition filed by a prisoner is deemed "filed" on the date it is deposited with prison authorities for mailing. **_Commonwealth v. Jones_**, 700 A.2d 423 (Pa. 1997).

facts are discovered). ***Commonwealth v. Johnson***, 48 A.3d 474 (Pa.Super. 2012) (unpublished memorandum).

On July 25, 2012, appellant, now represented by counsel, filed an amended third PCRA petition to which he attached the affidavit of Johnson.[5] In anticipation of an evidentiary hearing based on the affidavits, appellant was transferred to SCI Huntington where he came into contact with Paul Simmons. After speaking with appellant, Simmons agreed to submit an affidavit stating that he recalled taking a bus to Reading with appellant on the night of the murder. He remembered the evening as appellant lent him his cell phone and let him read his newspaper. A second amended PCRA petition was filed on April 23, 2013, alleging that Simmons was an after-discovered alibi witness and included Simmons' "unsworn affidavit," appellant's account of the events, and correspondence relating to bus schedules. The PCRA court denied a hearing on this second after-discovered witness but did not provide a reason on the record.

An evidentiary hearing was held on December 20, 2013. At the hearing, testimony was presented that on September 12, 2012, Johnson told a defense investigator that the affidavit was untrue and that he would disavow it if called to testify. (Notes of testimony, 12/20/13 at 31-38.) At an evidentiary hearing, Johnson repudiated the contents of his affidavit. He

---

[5] Appellant also attached an affidavit from Shawn Clark, an inmate to whom Johnson purportedly disclosed what he had seen on the day of the murder. Clark's affidavit set forth what Johnson allegedly told him.

testified that he had no recollection of the events of February 18, 2000. He confirmed that his affidavit was untrue and testified that he was not outside of the building on that date. "That's why I've been trying to tell you I wanted to withdraw my affidavit." Johnson did not write the affidavit, in which his name was misspelled; he only agreed to sign it as he wanted to help out his sister's former neighbor. (*Id.* at 7-9, 15-16, 23-31, 35-37.) The PCRA court dismissed the petition, and appellant has filed a notice of appeal.

The following issues have been presented for our review:

> I. Is the appellant entitled to post-conviction relief in the form of a new trial since Terrance Johnson is an after-discovered witness?
>
> II. Is the appellant entitled to post-conviction relief in the form of a new trial or a remand for an evidentiary hearing and/or to supplement the record since Paul Simmons is an after-discovered witness?

Appellant's brief at 4.

Before addressing the issues raised by appellant, we set forth some general principles relevant to our review.

> Our standard of review requires us to determine whether the ruling of the PCRA court is supported by the record and is free of legal error. ***Commonwealth v. Marshall***, 596 Pa. 587, 947 A.2d 714, 719 (2008). The PCRA court's credibility determinations are binding on this Court when they are supported by the record. ***Commonwealth v. Johnson***, 600 Pa. 329, 966 A.2d 523, 532, 539 (2009). However, this Court applies a ***de novo***

> standard of review to the PCRA court's legal conclusions. ***Commonwealth v. Rios***, 591 Pa. 583, 920 A.2d 790, 810 (2007).

***Commonwealth v. Hutchinson***, 25 A.3d 277, 284-285 (Pa. 2011).

A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. ***Commonwealth v. Taylor***, 933 A.2d 1035, 1038 (Pa.Super. 2007), ***appeal denied***, 951 A.2d 1163 (Pa. 2008).

Appellant's judgment of sentence became final on May 31, 2004, 90 days after our supreme court denied appeal and the time for filing a petition for writ of ***certiorari*** before the United States Supreme Court expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3); Rule 13, Rules of the United States Supreme Court. The instant petition, filed in 2010, is manifestly untimely.

Notwithstanding the untimely nature of the petition, the PCRA provides for three exceptions to the one-year time bar. 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). This court has repeatedly stated it is the appellant's burden to allege and prove that one of the timeliness exceptions applies. ***See***, ***e.g.***, ***Commonwealth v. Beasley***, 741 A.2d 1258, 1261 (Pa. 1999). Appellant attempts to invoke the "after-discovered facts" exception to the time-bar. 42 Pa.C.S.A. § 9545(b)(1)(ii). The after-discovered facts exception includes a due diligence component. The PCRA requires that any petition invoking an

exception must be filed within 60 days of the time the claim could first have been raised. **See** 42 Pa.C.S.A. § 9545(b)(2). A petitioner fails to satisfy the 60-day requirement of Section 9545(b) if he or she fails to explain why, with the exercise of due diligence, the claim could not have been filed earlier. **Commonwealth v. Breakiron**, 781 A.2d 94, 98 (Pa. 2001).

Appellant's after-discovered fact claim is premised on an affidavit signed by Johnson. However, the PCRA court credited Johnson's testimony that he signed the affidavit as a favor and did not actually witness the events recounted in the affidavit. At the hearing, Johnson testified that he did not create the affidavit, in which his own name was misspelled, and he unambiguously disavowed its contents. (Notes of testimony, 12/20/13 at 24.) For instance:

> [Prosecutor:] Let me read you the next sentence. "Sometime between 6:30 p.m. and 7:30 p.m. I was sitting on the front steps of the apartment building, when I saw Ira Johnson exit 914 North 17th Street."
>
> Is that true or false?
>
> A. False.
>
> Q. The next sentence, "About 10 to 15 seconds after Ira came out of the 914 building, I first heard, then saw Stephon Copper calling Ira from his third floor apartment window."
>
> True or false?
>
> A. False.
>
> Q. "Stephon was telling Ira to come back to the apartment and Ira refused and kept walking up

> 17th Street, then down Girard Avenue. Stephon went back in his apartment.
>
> True or false?
>
> A.    False.
>
> Q.    Isn't it true, Mr. Johnson, that you were just trying to help out Ira Johnson who was locked up with you at SCI Smithfield when you signed this [affidavit]?
>
> A.    Yes.

Notes of testimony, 12/20/13 at 29-30.

As the Commonwealth states, a factual finding is unassailable on appeal. **Hutchinson**, **supra** ("The PCRA court's credibility determinations are binding on this Court when they are supported by the record."). Therefore, appellant's newly-discovered evidence was found to be not credible. Accordingly, we conclude that the evidence of record supports the PCRA court's determination, and its denial of appellant's PCRA claim is free from error.

Next, appellant argues that he is entitled to relief, or at least a hearing, based on Simmons' recollection of events the night of the murder. Appellant also requests a remand to supplement the record as he claims a bus schedule existed to show that there was 9:00 p.m. bus service from Philadelphia to Reading on the night of the murder. These contentions are waived and unreviewable.

As the Commonwealth offers, the record does not indicate that appellant ever sought or received permission to file an amended petition. (Commonwealth brief at 18, 24.)  Under our Rules of Criminal Procedure, "[t]he judge may grant leave to amend or withdraw a petition for post-conviction collateral relief at any time.  Amendment shall be freely allowed to achieve substantial justice."  Pa.R.Crim.P. 905(A).  ***See Commonwealth v. Porter***, 35 A.3d 4, 12 (Pa. 2012) (reiterating that Rule 905(A) "explicitly states that amendment [of a PCRA petition] is permitted **only** by direction or leave of the PCRA court") (emphasis added).

There is no indication in the record that the PCRA court granted appellant leave to amend his PCRA petition via the filing of an additional supplemental amendment on April 23, 2013, which included the claims raised concerning Simmons' unsworn affidavit.  Accordingly, appellant's second claims are waived.  ***See*** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.

Prothonotary

Date: <u>12/12/2014</u>